## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

In re:

Tea Olive I, LLC d/b/a Stock+Field,

        Debtor.

Case No.: 21-30037
Chapter 11 Case

## DEBTOR'S NOTICE OF STATEMENT OF
## RECLAMATION AND TWENTY DAY CLAIMS

**PLEASE TAKE NOTICE** that on January 14, 2021, the United States Bankruptcy Court for the District of Minnesota (the "<u>Bankruptcy Court</u>") entered the Order (I) Granting Expedited Relief and (II) Establishing Procedures for the Resolution of Reclamation Claims and Administrative Claims Asserted Pursuant to Section 503(b)(9) of the Bankruptcy Code [Dkt. No. 54] (the "<u>Claims Procedures Order</u>") in the above-referenced chapter 11 case of Tea Olive I, LLC d/b/a Stock+Field (the "<u>Debtor</u>"), establishing, among other things, procedures (the "<u>Claims Procedures</u>") for the treatment of demands from sellers of goods asserting purported rights of reclamation pursuant to section 2-702(2) of the Uniform Commercial Code and section 546(c) ("<u>Reclamation Claims</u>") and/or section 503(b)(9) (the "<u>Twenty Day Claims</u>") of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Claims Procedures Order, the Debtor hereby provides the Statement, attached as **<u>Exhibit A</u>** hereto, listing (i) the Reclamation Claims and Twenty Day claims received by the Debtor; (ii) the amounts, if any, of such Reclamation Claims and Twenty Day Claims that the Debtor has determined to be valid under applicable law, and (iii) for those Reclamation Claims and Twenty Day Claims that the Debtor disputes, the reason for such dispute.

1

**PLEASE TAKE FURTHER NOTICE** that if the Debtor has determined that a Reclamation Claim or Twenty Day Claim is valid in whole or in part, and if no written objection to this Notice is filed by any Notice Party (as described in the Claims Procedures Order), then any such Claim shall be assigned the value set forth in this Notice and Statement and shall be paid as provided for in any confirmed plan of liquidation or in connection with any conversion to chapter 7 as chapter 11 administrative expenses.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Notice must be filed and served so that such objection is filed with the Bankruptcy Court and actually received by the following parties no later than 20 days after the date of this Notice: (i) Debtors Counsel, Fredrikson & Byron P.A., 200 South Sixth Street, Suite 4000, Minneapolis, Minnesota, 55402 (Attn: Samuel M. Andre); (ii) the Debtor, Tea Olive I, LLC d/b/a Stock+Field, 2600 Eagan Woods Drive, Eagan, MN 55121 Attn: Matt Whebbe; (iii) Second Avenue Capital Partners LLC, 75 Second Avenue, Suite 550, Needham Heights, MA 02494 Attn: Tea Olive Portfolio Manager; and (iv) Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, NY 10036, Attn: Steven E. Fox, Esq., SFox@riemerlaw.com.

**PLEASE TAKE FURTHER NOTICE** that if an objection to this Notice is timely filed and served, the Debtor will proceed as set forth in the Claims Procedures Order.

Dated:  April 16, 2021

*/e/ Samuel M. Andre*
Clinton E. Cutler (#0158094)
James C. Brand (#387362)
Steven R. Kinsella (#0392289)
Samuel M. Andre (#0399669)
Emily M. McAdam (#0400898)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street
Suite 4000
Minneapolis, MN  55402-1425
Minneapolis, MN  55402-1425
(612) 492-7000
(612) 492-7077
ccutler@fredlaw.com
jbrand@fredlaw.com
skinsella@fredlaw.com
sandre@fredlaw.com
emcadam@fredlaw.com

**ATTORNEYS FOR THE DEBTOR**

**Exhibit A**

**STATEMENT OF RECLAMATION CLAIMS**

|  | Vendor | Requested Amount | Amount Debtor Deems Valid |
|---|---|---|---|
| 1. | Advanced Technology International | $8,342.06 | $0.00[1] |
| 2. | Allen Co. | $1,185.60 | $0.00[1] |
| 3. | Ballreich Snack Food Company, LLC | $5,920.88 | $0.00[1] |
| 4. | Brad Moews | $2,303.75 | $0.00[1] |
| 5. | Buckeye Diamond Logistics, Inc. d/b/a EasyHeat Wood Pellets | $20,266.28 | $0.00[1] |
| 6. | Business Impact Group, LLC | $5,967.24 | $0.00[1] |
| 7. | Carsten Enterprises, Inc. | $52,366.80 | $0.00[1] |
| 8. | Hobart Welding Products | $15,542.81 | $0.00[1] |
| 9. | Indera Mills Company | $34,054.02 | $0.00[1] |
| 10. | Lafayette Bay Products LLC | $6,051.60 | $0.00[1] |
| 11. | PurHeat | $19,509.80 | $0.00[1] |
| 12. | Rich Foldenauer | $1,142.00 | $0.00[1] |
|  | **TOTAL:** | **$172,652.84** | **$0.00** |

---

[1] This Reclamation Claim has no value because the prepetition lenders' interests in the Debtor's assets, including the goods that are the subject of this Reclamation Claim, are superior to the Reclamation Claim. Specifically, courts have held that where a secured lender holds a floating lien on all of the debtor's property, "a reclaiming seller is entitled to a lien or administrative expense claim only to the extent that the value of the specific inventory in which the reclaiming seller asserts an interest exceeds the amount of the floating lien in the debtor's inventory." *See, e.g.*, *In re Dana Corp.*, 367 B.R. 409, 419 (Bankr. S.D.N.Y. 2007) (quotation omitted). Therefore, "if the value of any given reclaiming supplier's goods does not exceed the amount of debt secured by the prior lien, that reclamation claim is valueless." *Id.* Here, the Debtor's prepetition secured lenders were granted liens on substantially all of the Debtor's prepetition collateral and postpetition collateral, respectively. Therefore, their interests are superior to any Reclamation Claim. Note that by raising this issue, the Debtor is not waiving, and hereby expressly reserves, the right to raise other issues that affect the value of any particular Reclamation Claim.

## STATEMENT OF TWENTY DAY CLAIMS

| | Vendor | Vendor's Claimed Amount | Amount Debtor Deems Valid | Reason for difference |
|---|---|---|---|---|
| 1. | Bottling Group, LLC d/b/a Pepsi Beverages Co. | $9,928.26 | $5,575.47 | Debtor's books and records show product received worth $5,575.47 during this period. |
| 2. | Brad Moews | $807.50 | $807.50 | |
| 3. | Buckeye Diamond Logistics, Inc. d/b/a EasyHeat Wood Pellets | $43,296.10 | $0.00 | Debtor understands that Buckeye Diamond Logistics, Inc. d/b/a EasyHeat Wood Pellets applied the Debtor's deposit to all outstanding invoices post-petition; Debtor does not believe Buckeye is owed any amounts at this time. Nothing contained herein shall constitute a waiver of Debtor's right to seek to avoid the post-petition application of the deposit under any applicable provision of the Bankruptcy Code. |
| 4. | Business Impact Group, LLC | $9,470.21 | $3,657.28 | Debtor's books and records show product received worth $3,657.28 during this period. |
| 5. | Carry-On Trailer, Inc. | $22,569.91 | $20,151.71 | Debtor's books and records show product received worth $20,151.71 during this period. |
| 6. | Carsten Enterprises, Inc. | $52,366.80 | $0.00 | Debtor's books and records show no product received during this period. Claimant's invoices dated outside of 20-day period. |
| 7. | DCC Propane, LLC | $24,903.70 | $0.00 | Debtor's books and records show no product received during this period. Demand filed after deadline and not in compliance with Claims Procedures Order. |
| 8. | Indera Mills Company | $2,444.85 | $156.90 | Debtor's books and records show product received worth $156.90 during this period. |

| | Vendor | Vendor's Claimed Amount | Amount Debtor Deems Valid | Reason for difference |
|---|---|---|---|---|
| 9. | Indiana Carbon Company, Inc. | $8,075.81 | $1,129.45 | Debtor's books and records show product received worth $1,129.45 during this period. Demand filed after deadline and not in compliance with Claims Procedures Order. |
| 10. | Lafayette Bay Products LLC | $6,051.60 | $0.00 | Debtor's books and records show no product received during this period. Claimant's invoices dated outside of 20-day period. |
| 11. | Orgill, Inc. | $103,288.95 | $103,288.95 | |
| | **TOTAL:** | **$283,203.69** | **$134,767.26** | |

72652315 v2

3